FILED
CLERK

10/23/2018 3:53 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANGELA MARIA ONCIU-FLOREA,

                Plaintiff,

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------X

For Online Publication Only

ORDER
18-CV-4240 (JMA)

**AZRACK, United States District Judge:**

On August 7, 2018, *pro se* plaintiff Angela Maria Onciu-Florea ("plaintiff") filed an application for the appointment of *pro bono* counsel to represent her in this case. For the reasons that follow, the application for the appointment of *pro bono* counsel is denied without prejudice and with leave to renew at the time this case is marked ready for trial, if so warranted at that time.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the pleadings and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude - - after considering the Hodge factors in the context of plaintiff's application and the complaint - - that the appointment of counsel is warranted. Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able at this stage of the litigation to prosecute her case, and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for the appointment of *pro bono* counsel is denied without prejudice to plaintiff renewing the application at the conclusion of discovery, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring her own counsel to represent her in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis,* such status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

  The Clerk of the Court is directed to mail a copy of this order to the plaintiff at her last known address.

**SO ORDERED**.

Dated:  October 23, 2018       \_\_\_\_\_/s/ (JMA)_____
    Central Islip, New York     Joan M. Azrack
                United States District Judge