FILED
CLERK
1/9/2020 4:32 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANGELA MARIA ONCIU-FLOREA,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
18-CV-04240 (JMA)

**AZRACK, United States District Judge:**

Before the Court is the Commissioner of Social Security's motion to dismiss the instant action filed by pro se plaintiff Angela Maria Onciu-Floria ("Plaintiff") seeking review of the Commissioner's decision denying Plaintiff disability insurance benefits. For the following reasons, the Commissioner's motion is GRANTED, and this action is dismissed as untimely.

## I. BACKGROUND

On March 4, 2015, Plaintiff filed an application for disability insurance benefits with the Social Security Administration. (Prelle Decl., ECF No. 20-3, Ex. 1.) Following denial of her claim, Plaintiff requested, and appeared with her attorney for, a video administrative hearing before an administrative law judge ("ALJ") on November 14, 2017. (Id.) The ALJ issued a written decision dated January 23, 2018, finding that Plaintiff was not disabled for purposes of receiving disability insurance benefits under the Social Security Act. (Id.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on May 14, 2018. (Id. ¶ 3(a), Ex. 2.) Both the January 23, 2018 ALJ decision and the May 14, 2018 Appeals Council Notice denying review were mailed to Plaintiff at the same address listed on her complaint in the instant action, as well as to her attorney in the administrative action. (Id. ¶ 3(a), Exs. 1, 2.)

In her complaint, filed pro se on August 7, 2018, Plaintiff filled in "June 6, 2018" as the date she received the Appeals Council Notice, and appended a copy of the May 14, 2018 Notice. (Compl., ECF No. 1.) In addition, included in her opposition papers to the Commissioner's motion is a letter dated June 7, 2018 from Citizen Disability, LLC, the organization that represented her in the administrative action. (Pl.'s Mot., ECF No. 21, at 6.) This letter informed Plaintiff of the May 14, 2018 Appeals Council Notice and stated that Citizens Disability, LLC could not represent her in a Federal District Court appeal of the Commissioner's decision. (Id.) Notably, the letter also stated quite clearly, in two different places, that Plaintiff had until July 13, 2018 (sixty days from the date of the Appeals Council Notice) to file an appeal in Federal District Court. (Id.)

## II. DISCUSSION

A plaintiff who seeks review of the Commissioner's final decision must commence her civil action within a sixty-day period or "within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The regulations set forth that the sixty-day period begins on the date the Appeals Council Notice is received, and, absent a "reasonable showing to the contrary," a plaintiff is presumed to have received the notice five days after the date of the notice. 20 C.F.R. § 422.210(c); see Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988); Borrero v. Colvin, No. 14-CV-5304, 2015 WL 1262276, at *3 (S.D.N.Y. March 19, 2015) (collecting cases).

Because this limitation period "defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." Davila v. Barnhart, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citing Bowen v. City of New York, 476 U.S. 467, 479 (1986); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995)). Therefore, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is pro se." Borrero, 2015 WL 1262276, at *3 (collecting cases).

2

To rebut the presumption that she received the Appeals Council Notice late, "[P]laintiff must do more than merely assert that [s]he did not receive the notice within five days"—she must make a reasonable showing by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." Liranzo v. Astrue, 07-CV-5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) aff'd 411 F. App'x 390 (2d Cir. 2011) (quoting Guinyard v. Apfel, 99-CV-4242, 2000 WL 297165, at *3 (S.D.N.Y. Mar. 22, 2000).

Here, Plaintiff's complaint represents that she received the Appeals Council Notice on June 6, 2018. (Compl.) However, in her opposition papers, Plaintiff asserts that the June 7, 2018 letter from Citizen Disability, LLC was the only one she received, which led her to file her complaint on August 7, 2018. (ECF No. 21, at 6.) She does not state when she received the June 7, 2018 letter, or if it contained the Appeals Council Notice. While it is clear that Plaintiff did at some point receive the Appeals Council Notice (because she appended it to her complaint), the Citizen Disability, LLC letter does not indicate that it includes any enclosures, such as the Appeals Council Notice. (ECF No. 21, at 6.) Plaintiff's papers fail to adequately explain when or how she received the Appeals Council Notice, and nowhere does she expressly state that she did not receive it from the Social Security Administration. Accordingly, Plaintiff has not provided any affirmative evidence that she received the Appeals Council Notice more than five days after its issuance on May 14, 2018, including no specific evidence to support the contention that she received it on either June 6, 2018 or June 7, 2018.[1] As there is no evidence that Plaintiff requested that the Appeals Council extend the time which to file a civil action, (Prelle Decl. ¶ 3(c)), Plaintiff's complaint is untimely.

---

[1] The Court also notes that sixty days after June 7, 2018 was Monday, August 6, 2018. Accordingly, even if Plaintiff had affirmatively demonstrated that she received the Appeals Council Notice on June 7, 2018, her complaint would be untimely by one day. The same would be true if Plaintiff received the Appeals Council Notice on June 6, 2018 (as initially alleged in her complaint), because August 5, 2018 was a Sunday. See Fed. R. Civ. P. 6(a)(3).

However, the inquiry does not end there because the doctrine of equitable tolling applies to Social Security cases. See Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005). A litigant is entitled to equitable tolling where she "can show that '[s]he has been pursuing [her] rights diligently' and that 'some extraordinary circumstance stood in [her] way.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [her] filing." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010) (internal quotation omitted); see also Baker v. Comm'r of Soc. Sec., No. 16-CV-5285, 2019 WL 1994051, at *2 (E.D.N.Y. May 6, 2019) (applying Jenkins causal relationship standard to a Social Security case). Plaintiff bears the burden of proving that equitable tolling applies, and she has failed meet her burden here. Randolph v. Comm'r of Soc. Sec., 699 F. App'x 36, 37 (2d Cir. 2017) (citing Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000)).

First, there is no evidence that Plaintiff was pursuing her rights diligently. While Plaintiff contends that she "immediately" attempted to find representation after receiving the letter from Citizens Disability, LLC, the identified dates in her correspondence with potential attorneys took place nearly two months after the letter and post-date her July 18, 2018 deadline to file an appeal.[2] (See ECF No. 21, at 12, 14–15.) This does not demonstrate diligent pursuit of her rights, nor does searching for representation otherwise prevent the timely filing of an appeal.

Further, Plaintiff fails to offer any explanation as to why she did not consider the warning within the Citizens Disability, LLC letter that she had to file any appeal in Federal District Court

---

[2] This date represents sixty-five days from the date of the Appeals Council Notice, taking into account the regulations' presumption that Plaintiff received the notice five-days after it was dated.

4

by July 13, 2018.³  Failing to heed these clear and unambiguous warnings undermines any claim that Plaintiff was pursuing her rights diligently.

Even if there was evidence that Plaintiff was pursuing her rights diligently, she has failed to identify any "extraordinary circumstance" that stood in her way and prevented her from timely filing an appeal.  The receipt of the Citizens Disability, LLC letter undercuts any suggestion that Plaintiff may have been confused or misled regarding the deadline by which to commence her appeal.  Plaintiff does provide evidence of various doctors' visits and one outpatient hospital visit after the date of the Appeals Council Notice and asserts that she has "been through a lot of excruciating pain." (See ECF No. 21, at 18, 19–42.)  However, illness and poor health do not typically rise to the standard of an extraordinary circumstance in the context of a social security claim. See, e.g., Wong, 854 F.2d at 631 (noting that allowing equitable tolling "on grounds of poor health would thoroughly undermine Section [405(g)'s] sixty-day limitation").  More critically, Plaintiff does not explain how her health problems prevented her from timely filing an appeal.  Thus, even if Plaintiff's health problems could constitute "extraordinary circumstances," Plaintiff has not demonstrated the necessary causal relationship between these circumstances and her untimely filing.

Accordingly, although the Court is sympathetic to Plaintiff's plight, she is not entitled to equitable tolling to save her time-barred complaint.

### III.  CONCLUSION

For the foregoing reason, the Court GRANTS the Commissioner's motion to dismiss this action as untimely.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that in forma pauperis

---

³ It appears the Citizens Disability, LLC letter calculated the appeals deadline as sixty-days from the date of the Appeals Council Notice, instead of including the five-day grace period contemplated by the regulations.

status for the purpose of an appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se plaintiff at her last known address and to mark this case closed.

**SO ORDERED.**

Dated: January 9, 2020
Central Islip, New York

                                           /s/ (JMA)
  &nbsn;                               JOAN M. AZRACK
                                UNITED STATES DISTRICT JUDGE